UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-23386-Civ-COOKE

MASTER GJG ATHEEA,

    Plaintiff,

vs.

FLORIDA DEPARTMENT OF MOTOR
VEHICLE, CITI BANK N.A., CITI GROUP
ACCOUNT OFFICIALS, ANDREA BECKSORB,
ANA CASTILLO, and SHEENA MAYMI,

    Defendants.
_____/

**ORDER DENYING MOTION FOR LEAVE TO PROCEED**
***IN FORMA PAUPERIS* AND DISMISSING CASE**

    THIS MATTER is before me on Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* ("Motion") (ECF No. 3). I have reviewed the Motion, the Complaint, Plaintiff's other filings,[1] and the relevant legal authorities. For the reasons set forth herein, Plaintiff's Motion is denied and the case is dismissed.

## I. BACKGROUND

    A liberal reading of the Complaint (ECF No. 1) suggests that Plaintiff is seeking a court order requiring Defendant Florida Department of Motor Vehicle ("the DMV") to "give [Plaintiff] a print-out of [his] Florida state I.D.," so that Plaintiff can access certain bank accounts maintained by Defendants Citi Bank N.A. and Citi Group Account Officials, which purportedly contain "mega funds" of several billion dollars belonging to Plaintiff. *Compl.*, ECF No. 1, at pp. 1–2. Plaintiff says that he accidentally destroyed his original state ID in the washing machine. *Id.* at p. 1. Plaintiff further alleges that the DMV has provided another copy of his ID to an "identification thief operation," and that when Plaintiff tried to put a stop to this activity he was falsely arrested for trespass. *Id.* at pp. 2–3.

---

[1] Plaintiff has filed two Amended Complaints (ECF Nos. 5, 6). Those filings, which add new Defendants and expand on the claims put forward in Plaintiff's initial Complaint, do not alter the Court's analysis here.

1

## II. LEGAL STANDARD

A court shall dismiss a case filed *in forma pauperis* "at any time if the court determines that . . . the action . . . is frivolous . . . [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A pleading that states a claim for relief must contain "a short and plain statement of the grounds for the court's jurisdiction," as well as "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1), (2). The facts pleaded in a complaint must also "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). However, the leniency shown to *pro se* litigants "does not give a court license to serve as *de facto* counsel for a party . . . or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc. v. Cty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds*, *as recognized in Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010). "While the pleadings of *pro se* litigants are 'liberally construed,' . . . they must still comply with procedural rules governing the proper form of pleadings." *Hopkins v. Saint Lucie Cty. Sch. Bd.*, 399 F. App'x 563, 565 (11th Cir. 2010).

## III. DISCUSSION

Plaintiff's Complaint does not "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 570). Liberally construed, the Complaint alleges that Defendants have conspired to "steal [and] embezzle . . . huge mega funds" that Plaintiff earned from a "Publishers Clearing House Contest." *Compl.*, ECF No. 1, at pp. 2–3. According to Plaintiff—who seeks to proceed *in forma pauperis* in this matter—the funds at issue equal "nine (9) billion dollars." *Id.* at p. 2. Plaintiff further contends that Defendants have handed over his state I.D. to a "huge identification thief operation," and that when Plaintiff sought to confront Defendants about these alleged activities he was "arrested on a false charge of trespass." *Id.* at p. 3.

Even accounting for his *pro se* status, Plaintiff's claim that he has been victimized in the above manner by a "di[e]-hard corrupt component" amongst the Defendants is not set

forth in a "short and plain statement," Fed. R. Civ. P. 8(a)(2), and it is not plausible on its face. *See Iqbal*, 556 U.S. at 678. Nor has Plaintiff provided "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). As such, the instant action is "frivolous . . . [and] fails to state a claim on which relief may be granted," and it must therefore be dismissed. 28 U.S.C. § 1915(e)(2)(B)(i), (ii).

## IV. CONCLUSION

For the reasons above, Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 3) is **DENIED**. Plaintiff's Complaint (ECF No. 1) is **DISMISSED** *without prejudice*. All pending motions, if any, are **DENIED** *as moot*. The Clerk of Court shall **CLOSE** this matter.

**DONE and ORDERED** in Chambers, Miami, Florida, this 23rd day of October 2018.

*[signature]*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Master GJG Atheea*, pro se